IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ELVIS JOHNSON**                                                                                   **PLAINTIFF**

v.                                                                             CAUSE NO. 1:15cv74-LG-RHW

**21st CENTURY CENTENNIAL
INSURANCE COMPANY, STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY, and JOHN DOE**                                                    **DEFENDANTS**

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE TESTIMONY OF DR. MORTEZA SHAMSNIA

BEFORE THE COURT is the [77] Motion to Exclude Testimony of Dr. Morteza Shamsnia filed by Defendant 21st Century Centennial Insurance Company ("Defendant"). Having reviewed the submissions of the parties and the applicable law, the Court is of the opinion that the Motion should be granted in part and denied in part.

Plaintiff Elvin Johnson concedes that Dr. Shamsnia's testimony related to sleep disorders should be excluded. The Court finds that the remainder of Dr. Shamsnia's testimony related to Johnson's injuries meets the standards of admissibility under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), except with respect to his testimony regarding the duration of headaches experienced by some patients. In addition, the Court finds that it will be for the jury to decide whether certain drug testing was necessary and reasonable.

## BACKGROUND

This action arises from injuries the Plaintiff Johnson alleges he sustained in a hit-and-run automobile accident in 2012. Johnson claims that as a result of the accident, he "has suffered serious injuries to his left shoulder and left knee that has resulted in multiple surgeries and physical therapy, as well as suffering from posttraumatic headaches, injuries to his neck, mid and lower back, and left wrist." (*See* Compl. 3, ECF No. 1-4). Johnson further states that he had uninsured motorist coverage through Defendant, and, thus, Defendant is liable to him "for any and all damages and losses" which he has sustained. (*See id.* at 4).

Johnson was treated by neurologist Dr. Morteza Shamsnia, whom Johnson has identified as an expert. Defendant now "seeks to exclude the opinions of Dr. Shamsnia from being offered at trial due to the failure of Dr. Shamsnia to consider sufficient facts and date [*sic*] . . . ." (Def. Mem. 1, ECF No. 78). Defendant states that Dr. Shamsnia failed to consider "the fact of and medical records pertaining to Mr. Johnson's first 2004 automobile accident, second 2004 automobile accident, 2008 automobile accident, and 2009 on-the-job injuries." (*Id.*). Defendant also moves to exclude Dr. Shamsnia's opinions related to future medical issues and expenses, and objects to certain drug testing performed on Johnson by Dr. Shamsnia.

## DISCUSSION

Pursuant to Federal Rule of Evidence 702, an expert witness may testify in the form of an opinion or otherwise if:

2

>  (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>  (b) the testimony is based on sufficient facts or data;
>
>  (c) the testimony is the product of reliable principles and methods; and
>
>  (d) the expert has reliably applied the principles and methods to the facts of the case.

Under the standard for admission of expert witness testimony set forth by the United States Supreme Court in *Daubert*, 509 U.S. 579, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589. "The burden of proof on a *Daubert* issue rests on the proponent of the testimony. The proponent need not prove the testimony is correct, but [he] must prove that the testimony is reliable." *McNabney v. Lab. Corp. of Am.*, No. SA03CA0509OG, 2004 WL 3241969, at *1 (W.D. Tex. Dec. 9, 2004) (quoting *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)), *aff'd*, 153 F. App'x 293, 294-96 (5th Cir. 2005); *see also In re Chinese Manufactured Drywall Prods. Liab. Litig.*, No. MDL 2047, 2015 WL 3603624, at *2 (E.D. La. June 5, 2015).

"'District courts enjoy wide latitude in determining the admissibility of expert testimony . . . .'" *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (citation omitted). In doing so, the Court "should approach its task with proper deference to the jury's role as the arbiter of disputes between conflicting opinions." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore*

*Cnty., Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996). "Experts should be excluded only if their testimony is so fundamentally unsupported that it cannot possibly help the factfinder." *Octave v. Beau Rivage Resorts, Inc.*, No. 1:09cv753-LG-RHW, 2011 WL 1099866, at *1 (S.D. Miss. Mar. 22, 2011) (citing *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

Defendant moves to exclude Dr. Shamsnia's testimony regarding (1) post-traumatic headaches; (2) cervical injuries; (3) lumbar injuries; and (4) narcolepsy and sleep apnea. It also takes issue with Dr. Shamsnia's testimony with respect to future medical issues and bills, and argues that drug testing performed on Johnson was unnecessary and unreasonable. Johnson concedes that Dr. Shamsnia's testimony with respect to sleep disorders should be stricken, and, thus, the Court will grant that portion of Defendant's Motion. (*See* Pl. Opp. 5, ECF No. 83). The Court discusses the remaining disputed areas of Dr. Shamsnia's testimony below.

**Testimony regarding headaches, cervical injuries, and lumbar injuries**

The medical expertise and qualifications of Dr. Shamsnia are not at issue. Nor does Defendant contest the actual tests and examination performed by Dr. Shamsnia. Defendant's sole argument is that because Dr. Shamsnia admittedly did not know about Johnson's prior accidents and injuries, his testimony is not based on sufficient facts and data.

Specifically, Johnson was in two automobile accidents in 2004, another automobile accident in 2008, and had a work-related injury in 2009, but did not tell Dr. Shamsnia about any of this. However, the issue of what Johnson may or may

not have told Dr. Shamsnia goes to the weight to be assigned to the expert's testimony.  *See 14.38 Acres of Land*, 80 F.3d at 1077 ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned the opinion, rather than its admissibility and should be left for the jury's consideration."); *Lilley v. Home Depot U.S.A.*, 567 F. Supp. 2d 953, 957-59 (S.D. Tex. 2008) (expert's lack of knowledge of plaintiff's history of previous back injuries did not make his opinions about the causation of plaintiff's back condition inadmissible); *see also Gen. Elec. Capital Bus. Asset Funding Corp. v. S.A.S.E. Military Ltd.*, 2004 WL 5495590, at *5-6 (W.D. Tex. Oct. 21, 2004) ("courts have found no basis for exclusion when experts were challenged for failing to take into account certain data").

To be clear, the Court is not tasked with determining whether Dr. Shamsnia's opinions are correct.  Rather, in the Court's opinion, the alleged deficiencies in Dr. Shamsnia's opinions are more properly addressed through the adversary system.  *See 14.38 Acres of Land*, 80 F.3d at 1077.  "[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: 'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Id.* at 1078 (quoting *Daubert*, 509 U.S. at 596).  The jury "is entitled to hear [Dr. Shamsnia]'s testimony and decide whether it should accept or reject that testimony after considering all factors that

weigh on credibility, including whether the predicate facts on which [Dr. Shamsnia] relied are accurate." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002).

Similarly, to the extent Defendant argues that Dr. Shamsnia did not rule out all other possible explanations, Dr. Shamsnia was presented with the prior accidents and injuries during his deposition. Although he testified that he would have to see the medical records, he then went on to testify that the prior injuries did not change his opinions, because Johnson did not have to have additional treatment "between May of 2010 and this collision in December of 2012 for those conditions[.]" (*See* Shamsnia Dep. 112-15, ECF No. 77-1) ("That means he was asymptomatic. He recovered."). Again, the jury will be free to reject this testimony, but the Court finds that the jury is entitled to hear it. *See, e.g., Cross v. Forest Labs.*, No. 1:05-cv-00170-MPM-SAA, 2015 WL 728511, at *2 (N.D. Miss. Feb. 19, 2015) (expert "testimony should only be excluded when the expert utterly fails to consider alternative causes or fails to explain why the opinion remains sound in light of alternative causes suggested by the opposing party") (citation, quotation marks, and brackets omitted).

**Future medical issues and bills**

Defendant moves to exclude Dr. Shamsnia's testimony "indicating that patients in studies or in Dr. Shamsnia's practice have had post-traumatic headaches for 5 years and 20 years plus, respectively." (Def. Mem. 8, ECF No. 78). It argues that "this testimony is abstract [and] unhelpful to a jury" because there is no testimony that Johnson "will have headaches for any particular period of time."

6

(*Id.*). The Court agrees with Defendant that the identified testimony related to the duration of headaches experienced by other patients treated by Dr. Shamsnia and even patients not treated by Dr. Shamsnia should be stricken. In any event, Johnson has not responded to the issues Defendant raises with this testimony or otherwise met his burden to show that this testimony is relevant and reliable.

Defendant also objects to Dr. Shamsnia's opinions and testimony on future treatment and costs because his testimony is not offered "to a reasonable degree of medical probability . . . ."[1] (Def. Mem. 8, ECF No. 78). Experts are not required to "use 'magic words' like the phrase 'within a reasonable degree of medical certainty.'" *Estate of Sanders v. United States*, 736 F.3d 430, 437 (5th Cir. 2013) (citation and quotation marks omitted); *see also Johnson v. Simmons*, No. 1:13cv205-HSO-RHW, 2014 WL 8844030, at *5 (S.D. Miss. Dec. 10, 2014). "If the import of the expert's testimony is apparent, that is enough . . . ." *Estate of Sanders*, 736 F.3d at 437 (citation, quotation markets, and brackets omitted). The Court will not exclude Dr. Shamsnia's opinions and testimony on this basis.

Additionally, Defendant argues that Dr. Shamsnia's opinion that more aggressive treatments with respect to Johnson's neck and back injuries could run in the tens of thousands "has no probative value as there is no opinion that Mr.

---

[1] Defendant also argues in its [87] Reply that Dr. Shamsnia was required to provide an expert report on this issue. However, "[t]he Court does not consider arguments 'raised for the first time in a reply brief.'" *Willis v. Allstate Ins. Co.*, No. 2:13-cv-60-KS-MTP, 2014 WL 4702204, at *3 (S.D. Miss. Sept. 22, 2014) (citing *DePree v. Saunders*, 588 F.3d 282, 290 (5th Cir. 2009)).

Johnson would need more aggressive treatments." (Def. Mem. 8, ECF No. 79). This is a strained reading of Dr. Shamsnia's testimony. He testified that Johnson will be symptomatic for an indefinite period of time, and is "going to require treatment that could be therapy, injections, combination of both." (Shamsnia Dep. 33:23-34:10, ECF No. 77-1). He then testified that the treatment could range from a low of $3,000-$5,000 annually, up to the tens of thousands depending on the treatments needed. The jury can consider this testimony and decide whether to accept or reject it in whole or in part in awarding damages, if any. *See, e.g.*, *14.38 Acres of Land*, 80 F.3d at 1077-78.

**Drug testing**

Defendant argues that drug testing done by Dr. Shamsnia was unnecessary and unreasonable, and that "Mississippi law only allows recovery of reasonable and necessary medical expenses in personal injury claims." (Def. Mem. 9, ECF No. 78). Defendant's statement of Mississippi law is correct. The reasonableness and necessity of Plaintiff's medical expenses, however, is ultimately an issue for the jury, and the Court will not exclude evidence of drug testing on this basis. *See, e.g.*, *Harvey v. Wall*, 649 So. 2d 184, 189 (Miss. 1995); *Green v. Grant*, 641 So. 2d 1203, 1209 (Miss. 1994); *Jackson v. Brumfield*, 458 So. 2d 736, 737 (Miss. 1984).

## CONCLUSION

For the reasons discussed herein, the Court finds that the Motion to Exclude should be granted in part and denied in part.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [77] Motion to

Exclude Testimony of Dr. Morteza Shamsnia filed by Defendant 21st Century Centennial Insurance Company is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED AND ADJUDGED** this the 8th day of June, 2016.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE