IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ELVIS JOHNSON**                                                                                     **PLAINTIFF**

v.                                                                                     CAUSE NO. 1:15cv74-LG-RHW

**21st CENTURY CENTENNIAL**
**INSURANCE COMPANY, STATE FARM**
**MUTUAL AUTOMOBILE INSURANCE**
**COMPANY, and JOHN DOE**                                                             **DEFENDANTS**

### ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE

BEFORE THE COURT is the [91] Motion in Limine filed by Defendant 21st Century Centennial Insurance Company ("Defendant"). Having reviewed the submissions of the parties and the applicable law, the Court is of the opinion that the Motion should be denied with respect to Defendant's requests related to Plaintiff Elvis Johnson's future medical treatment and written-off medical bills. The Motion is granted in all other respects.

This diversity action, which was removed to this Court from the Circuit Court of Stone County, Mississippi, arises from injuries Plaintiff Johnson alleges he suffered in a hit-and-run automobile accident in 2012. (*See* Compl. 3, ECF No. 1-4). Johnson states that he had uninsured motorist coverage through Defendant, and, thus, Defendant is liable to him "for any and all damages and losses" which he has sustained. (*See id.* at 4). Coverage is not in dispute.

Johnson concedes that certain evidence and/or argument should be excluded from the trial of this action, including evidence of the settlement of Mitchell

Breland's claim[1] and of any limits of available insurance, as well as any reference to punitive damages being sought or awardable. Johnson opposes the Motion as it relates to future medical bills, written-off medical bills, and claims handling issues, and the Court discuss each of these issues in turn below.

**Future Medical Treatment**

Defendant is attempting to take another bite at the apple with its argument that "[t]he jury should not be allowed to award the amount of future medical expenses and should not be allowed to hear the testimony of Dr. Mortiza Shamsnia [Plaintiff Johnson's expert] that medical bills in the future can potentially be expected for tens of thousands of dollars." (Def. Mem. 2, ECF No. 92). The Court has already found in a separate [89] Order that the testimony at issue meets the standards of admissibility set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *see also Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) ("District courts enjoy wide latitude in determining the admissibility of expert testimony.") (citation and quotation marks omitted).

The Court reiterates that it is not tasked with determining whether Dr. Shamsnia's opinions are correct. But the Court again finds that the alleged deficiencies in those opinions are more properly addressed through the adversary system. *See United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., Miss.*, 80 F.3d 1074, 1077-78 (5th Cir. 1996). The jury can consider Dr.

---

[1] Breland was also a plaintiff at one point, but ultimately settled his claim.

Shamsnia's testimony regarding future medical treatment and decide whether to accept or reject it in whole or in part in awarding damages, if any. *See, e.g.*, *id.*

**Written-Off Medical Bills**

Defendant requests that the Court exclude "any proof of medical bills which were 'written off' and not paid by any person and not owed by any person." (Def. Mem. 3, ECF No. 92). The parties do not dispute that Mississippi law applies to this issue.

"The collateral source rule bars a tortfeasor from reducing the damages it owes to a plaintiff 'by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor.'" *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 304 (5th Cir. 2008) (citation omitted). "In Mississippi, the collateral source rule provides that compensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the latter in mitigation or reduction of damages." *Chickaway v. United States*, No. 4:11-cv-00022-CWR, 2012 WL 3236518, at *1 (S.D. Miss. Aug. 7, 2012) (citations, quotation marks, brackets and ellipses omitted).

Defendant argues that written-off medical expenses do not qualify as "actual economic damages" for purposes of Mississippi Code § 11-1-60, which defines such damages as, *inter alia*, "objectively verifiable pecuniary damages arising from medical expenses and medical care . . . ." It similarly contends that written-off medical expenses are not "incurred" for purposes of Mississippi Code § 41-9-119,

3

which provides in pertinent part that "[p]roof that medical, hospital, and doctor bills were . . . incurred because of any . . . injury shall be prima facie evidence that such bills so . . . incurred were necessary and reasonable." It further argues that Mississippi's collateral source rule is somehow inapplicable.

The Court finds these arguments unavailing, and instead agrees with other courts in this district that have rejected the same arguments Defendant makes here. *See, e.g.*, *Williams v. Manitowoc Cranes, LLC*, No. 1:14cv383-HSO-JCG, 2016 WL 146516, at *4 (S.D. Miss. Jan. 12, 2016). Mississippi's collateral source rule "permits a plaintiff to introduce evidence of medical expenses even if portions of those expenses were written off by medical providers." *See id.* (discussing Mississippi's collateral source rule, including Mississippi Supreme Court cases interpreting the same); *Knox v. Ferrer*, No. 5:07-cv-6(DCB)(JMR), 2008 WL 4446534, at *1-2 (S.D. Miss. Sept. 25, 2008) (denying defendants' motion to exclude those portions of medical bills written off by plaintiff's medical providers); *see also Johnson v. McElroy Truck Lines, Inc.*, No. 1:14cv26-DAS, 2015 WL 1966432, at *3 (N.D. Miss. May 1, 2015); *Foradori v. Captain D's, LLC*, No. 1:03cv669, 2005 WL 6736846, at *3 (N.D. Miss. Sept. 29, 2005).

Defendant's citation to selective law from other jurisdictions does not convince the Court otherwise. "Because the Mississippi Supreme Court has spoken on this issue, the authority from other jurisdictions relied upon by Defendant is neither controlling nor persuasive." *See Williams*, 2016 WL 146516, at *6; *see also*

4

*Chickaway*, 2012 WL 3236518, at *2 n.20 (the majority position, followed by Mississippi, is that a plaintiff is entitled to claim and recover the full amount of medical expenses, even written-off expenses).[2]

Alternatively, again relying on case law from other jurisdictions, Defendant argues that the Court should rule "that the written off amounts of medical bills are admissible to show the reasonable amount of Mr. Johnson's medical bills." (Def. Mem. 15, ECF No. 92). "[W]hile Defendant in this case may have the right to attempt to rebut the reasonableness of Plaintiff's medical bills, it may only do so with proper evidence. It follows that evidence which is not admissible is not proper." *See Williams*, 2016 WL 146516, at *3. Defendant's request to admit evidence of the written-off amounts is simply "a backdoor attempt to give Defendant the benefit of any type of write-off from the actual [medical] charges incurred by" Johnson, which is improper. *See id.* at *4.

**Claims Handling Issues**

Defendant also argues that Johnson "should not be allowed to offer proof regarding the claims handling process in this matter." (*See* Def. Mem. 16, ECF No.

---

[2] *McGee v. River Region Medical Center*, 59 So. 3d 575 (Miss. 2011), did not overrule well-settled Mississippi law on this issue. In any event, the facts of *McGee* are distinguishable from those here. Namely, the *McGee* court found that the collateral source rule did not apply because that rule only applied to prohibit introduction of evidence of payments from collateral sources wholly independent of the tortfeasor, and the defendant hospital, to whom bills were owed, was also the alleged tortfeasor in the plaintiff patient's medical malpractice action. *See id.* at 580-81; *see also generally Chickaway*, 2012 WL 3236518 (distinguishing *McGee*). That is certainly not the circumstance here.

92). This includes "arguing or alleging that [Defendant] has breached or violated any terms of its policy." (*See id.*). It also includes offering or adducing evidence that Defendant's "corporate trial representative was not involved in the adjusting or handling of the Plaintiff's claim." (*See id.*).

Johnson has not responded to Defendant's argument regarding its trial representative. The Court is of the opinion that Defendant's decision as to who to bring to trial as its representative has no bearing on any fact at issue to be decided by the jury, and thus, will preclude Johnson from offering or adducing evidence about Defendant's trial representative's non-involvement with Plaintiff's claim. *See, e.g.*, *Smith v. State Farm Mut. Auto. Ins. Co.*, No. 2:13cv35-KS-MTP, 2014 WL 1276410, at *5 (S.D. Miss. Mar. 27, 2014).

Regarding claims handling in general, Johnson argues that Defendant has not cited any law in support of its position. However, it is axiomatic that evidence regarding claims handling – in a case where coverage is not at issue and where there is no independent cause of action related to the handling of the claim itself – not only is irrelevant, but also could serve no other purpose *but* as an impermissible attempt to inflame the jury. The only issue for the jury to decide is the amount of damages, if any, sustained by Johnson as a result of the automobile accident. The Court cannot conceive of any evidence related to the claims handling process that would have "any tendency to make a fact more or less probable than it would be without the evidence . . . ." *See* Fed. R. Evid. 401. Thus, such evidence is

inadmissible. *See* Fed. R. Evid. 402. Moreover, even though the Court is of the opinion that such evidence is wholly irrelevant, any minimal relevancy is substantially outweighed by the danger of unfair prejudice to Defendant, as well as the danger of confusing the issues and misleading the jury. *See* Fed. R. Evid. 403. To the extent Johnson argues that this "is not a proper subject for a motion in limine," (Pl. Mem. 4, ECF No. 94), he is mistaken. *See Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11-cv-58-CWR-FKB, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012) (acknowledging that "the most common role of a motion *in limine* [is] excluding prejudicial or inadmissible evidence").

Johnson further contends that "granting this motion would unduly restrict [his] presentation of his case[,]" and that he has a "tremendous amount of evidence that would otherwise be admissible." (Pl. Mem. 4, ECF No. 94). Johnson does not identify what specific evidence he claims is affected or how it would "otherwise be admissible." The Court will instruct the jury that Defendant is Johnson's uninsured motorist carrier and that the jury must determine the amount of damages, if any, to award Johnson as a result of the hit-and-run accident. Beyond that, there is no relevant or admissible purpose for Johnson to refer to the claims handling process at all. *See, e.g.*, *Smith*, 2014 WL 1276410, at *5; *Dey v. State Farm Mut. Auto. Ins. Co.*, No. 1:12cv332-HSO-RHW, 2014 WL 11906645, at *4 (S.D. Miss. Jan 17, 2014). Nonetheless, this Order does not prohibit Johnson from introducing claims handling evidence, if he first makes an appropriate showing of

7

relevancy outside of the presence of the jury.  Unless and until he does so, however, any evidence regarding claims handling should not be presented to the jury or mentioned by Johnson's counsel.

## CONCLUSION

For the reasons discussed herein, the Court finds that the Motion in Limine should be granted in part and denied in part.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [91] Motion in Limine filed by Defendant 21st Century Centennial Insurance Company is **GRANTED IN PART AND DENIED IN PART**.  The Motion is **DENIED** with respect to Defendant's requests related to Plaintiff's future medical treatment and written-off medical bills.  The Motion is **GRANTED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 24th day of August, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE